FILED
UNITED STATES DISTRICT COURT DISTRICT OF WYOMING
8:41 am, 8/19/25
Margaret Botkins
Clerk of Court

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

SCOTT YONKER,

Plaintiff,

VS.

KDFW-FOX, KEGL 97.1, NATIONAL AQUARIUM, COLUMBUS ZOO & AQUARIUM, CHEYENNE AIRPORT;

Defendant,

Case No. 2:25-CV-173

**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING PLAINTIFF'S COMPLAINT**

THIS MATTER comes before us on Plaintiff's *Motion to Proceed In Forma Pauperis* (ECF No. 2), filed on July 28, 2025. Having reviewed the filings and applicable law, we find that although Plaintiff meets the *in forma pauperis* standard, he has not articulated a claim for relief. We must therefore **DISMISS** his *Complaint* **WITHOUT PREJUDICE,** pursuant to 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief can be granted.

## LEGAL STANDARDS

### I. Proceeding *in forma pauperis*:

The *in forma pauperis* ("IFP") doctrine, as codified in 28 U.S.C. § 1915, allows the Court to waive costs associated with the litigation if the plaintiff can demonstrate they are unable to pay. 28 U.S.C. § 1915(a)(1). Although the language of § 1915 refers

explicitly to prisoners, it applies to non-prisoners proceeding IFP as well. *See Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005) (citing *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004). Applications to proceed *in forma pauperis* "should be evaluated in light of the applicant's present financial status." *Scherer v. Kansas*, 263 Fed. App'x. 667, 669 (10th Cir. 2008) (citing *Holmes v. Hardy*, 852 F.2d 151, 153 (5th Cir. 1988)). Litigants need not be "absolutely destitute" to proceed IFP, as "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs ... and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotation marks omitted).

**II. 28 U.S.C. § 1915(e)(2) screening:**

When a litigant seeks to proceed *in forma pauperis*, the Court is required to dismiss the case if it at any time determines that the litigant's claim of poverty is untrue, the action is frivolous or malicious, or the litigant fails to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(A), (B). As such, in addition to demonstrating indigence, the movant must also provide a "reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister*, 408 F.3d at 1312. While such screening is not mandatory prior to granting IFP status, the Tenth Circuit encourages courts to screen claims earlier when possible. *See Buchheit v. Green*, 705 F.3d 1157, 1160–61 (10th Cir. 2012) (stating that "prompt screening may be a good thing and conserve the resources of defendants forced to respond to baseless lawsuits.").

In determining whether a complaint has failed to adequately state a claim for relief, the Court adopts the Fed. R. Civ. P. 12(b)(6) standard. *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). In other words, the Court uses the same standard for IFP motions as it does when analyzing motions to dismiss for failure to state a claim. Under the 12(b)(6) standard, the claim must have "facial plausibility…that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009). A recitation "of the elements of a cause of action supported by mere conclusory statements, do[es] not suffice." *Id.*

## ANALYSIS

### I. Plaintiff meets the requisite standard to proceed *in forma pauperis*.

Mr. Yonker has indicated that he is not currently employed and has not held a job for twenty-six years. ECF No. 2 at 2. He receives Social Security Disability Insurance income to the tune of $1,423 per month and does not own any real estate, stocks, bonds, or assets other than a bank account containing $200. *Id.*

This Court's filing fee would amount to almost a third of Mr. Yonker's monthly income. It is certainly conceivable that supporting such an expenditure might leave Mr. Yonker unable to "provide himself… with the necessities of life." *Adkins*, 335 U.S. at 339. We therefore find the 28 U.S.C. § 1915(a)(1) standard satisfied.

### II. Plaintiff's *Complaint* does not state a claim upon which relief can be granted.

We must dismiss Mr. Yonker's *Complaint* because we are unable to identify a claim or any requested relief. In the "Statement of Claim" section of his *Complaint*, Mr.

Yonker simply writes "Youth, growth not our state (volume)." ECF No. 1 at 4. In the "Relief" section, he describes what appear to be various medical ailments. *Id.* ("vessled nose, bones in ear, leg scars…" etc.). We cannot identify any allegations in these statements. We must therefore dismiss Plaintiff's *Complaint* under 28 U.S.C. § 1915(e)(2).

In addition, we note that we may not have jurisdiction to hear this case. We do not definitively rule on this issue because it is unclear from the *Complaint* whether Plaintiff is invoking jurisdiction based on a federal question. Plaintiff does invoke "Bill of Rights - not on my person or in my state", although the actual claim is not decipherable to this Court. If Plaintiff's claim is instead based on diversity, we would not have jurisdiction to hear it. Under 28 U.S.C. § 1332 (a), plaintiffs and defendants must not be citizens of the same state. Here, Plaintiff states that both he and Defendant Cheyenne Airport are citizens of Wyoming. The requirements of 28 U.S.C. § 1332 (a) would therefore not be satisfied.

## CONCLUSION

**IT IS HEREBY ORDERED** that pursuant to 28 U.S.C. § 1915, Plaintiff's Motion to Proceed *In Forma Pauperis* (ECF No. 2) is **GRANTED**. It is **FURTHER ORDERED** that Plaintiff's *Complaint* (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

Dated this 18th day of August, 2025.

Alan B. Johnson
United States District Judge